BENJAMIN STRAW *vs.* CHARLES W. GREENE & others.

A mortgagor of land, who has been joined as a defendant, under Gen. Sts. c. 140, § 8, in a writ of entry to foreclose the mortgage, will not become entitled to have a nonsuit entered as to him by showing that he had parted with the equity of redemption before the commencement of the action, and by disclaiming all interest in the premises; nor can he thus entitle himself to testify as a general witness, after the death of the mortgagee, to facts showing that as between himself and the mortgagee the mortgage was invalid.

Putting in evidence a portion of a conversation which is material will not authorize the adverse parties to put in other portions of the same conversation, which are in their nature immaterial and incompetent.

WRIT OF ENTRY to foreclose a mortgage of various parcels of land, given originally by Adam Wiley to William L. Brown. Brown assigned the mortgage to the plaintiff in 1861, and died in the same year. Wiley was made one of the defendants, under Gen. Sts. *c.* 140, § 8, though he had conveyed the equity of redemption to the other defendants before the commencement of this action.

At the trial in the superior court, before *Putnam*, J., the plaintiff testified to a demand made by him upon Wiley for the payment of the sum secured by the mortgage, to which Wiley replied that he supposed he should have to let the land go. The defendants contended that at the date of the assignment of the mortgage to the plaintiff nothing was due on the debts secured thereby, and offered Wiley as a general witness to testify in relation thereto; and Wiley disclaimed all interest in the estate.

but the judge excluded him. Wiley was, however, allowed to contradict the plaintiff's testimony as to a demand upon him, and did so ; and the defendants' counsel then offered to prove by him the whole conversation which was then had, and that Wiley then stated to the plaintiff all about the nature of the claim between himself and Brown and the character of the notes ; but the judge ruled that he must confine himself to contradicting what the plaintiff said about the demand made by him on Wiley.

The jury found for the plaintiff ; and the defendants alleged exceptions.

*A. V. Lynde*, for the defendants.

*E. A. Upton*, for the plaintiff.

WELLS, J. The mortgagor, Adam Wiley, was properly joined in the suit, as a party defendant. The plaintiff was en·titled to have judgment against him, as well as against the assignees of the mortgage, " whether he then had any estate in the premises or not ; " and was not bound to accept the disclaimer offered, nor to take issue upon it. Gen. Sts. *c.* 140, § 8. The court rightly refused to order a nonsuit in favor of Wiley.

One of the " original parties to the contract or cause of action in issue and on trial " was dead. Wiley was " the other party," and he was also a party to the suit. He could not be a witness at all, therefore, to testify in his own favor. The court rightly refused to permit him to disprove the validity of his debt to Brown. Permitting him to testify for the defendants as to a particular matter did not entitle them to make him a general witness, nor in any degree remove the restrictions of the stat·ute. Any testimony which would tend to defeat Brown's demands, for security of which the plaintiff sought to enforce the mortgage, must be regarded as testimony in favor of the prin·cipal debtor, as well as of the owner of the equity.

*Exceptions overruled.*